

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

**THOMAS G. BRUTON**
CLERK

312-435-6860

October 1, 2021

**In re: Malatesta v. Wyeth LLC et al., Case No. 10 CV 02519**

Peter J. Flowers
Meyers & Flowers, LLC
225 West Wacker Drive
Suite 1515
Chicago, IL 60606
(877) 221-2511
Email: pjf@meyers-flowers.com

Dear Mr. Flowers,

I have been contacted by Judge Charles R. Norgle, Sr, who presided over the above-mentioned case.

Judge Norgle informed me that it has been brought to his attention that while he presided over the case, he owned stock in Pfizer. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Norgle directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Norgle's disclosure of a conflict in this case. Should you wish to respond, please submit your response

on or before October 15, 2021. Any response will be considered by another judge of this court without the participation of Judge Norgle.

Sincerely,

Thomas G. Bruton
Clerk of Court